IN THE UNITIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JOSARA BISHOP,**

    Plaintiff,

v.                                                        Case No.   2:18-cv-00892

**DITECH FINANCIAL LLC,**

    Defendant.

## COMPLAINT

### JURISDICTION

1. Plaintiff brings the federal claims in this action pursuant to 12 U.S.C. § 2605 (e) and (f), 12 U.S.C. § 2614, and 15 U.S.C. § 1692k(d).

2. Plaintiff's state law claims are asserted under 28 U.S.C. §1367.

3. Venue is proper in this Court since defendant regularly conducts business in the counties within the Charleston Division, and the events at issue occurred therein.

### PARTIES

4. Plaintiff is a natural person who owes a mortgage on her home located in Boone County, West Virginia.

5. Defendant is a corporation with its principal office in a state other than West Virginia.

6. Defendant services the mortgage loan on the home in which plaintiff and her family reside.

7. Defendant is not the owner of the loan.

8. Defendant is regularly engaged in the business of collecting debts owed to others through use of the instruments of interstate commerce, including the mails and the nationwide telecommunication systems.

9. On information and belief, defendant claimed plaintiff was delinquent on her mortgage loan at the time it assumed servicing of her mortgage loan.

## FACTS

10. On November 28, 2017, plaintiff and defendant entered into a binding agreement to settle then-existing disputes concerning the origination and servicing of plaintiff's mortgage loan.

11. On that date, on its own behalf and as agent for the loan holder, defendant contracted with plaintiff that:

   a. plaintiff's loan would be brought current by defendant at its cost;

   b. as of January 1, 2018, the principal amount of plaintiff's mortgage loan would be reduced to no more than $32,000.00;

   c. defendant would request all credit agencies delete the loan from plaintiff's credit record;

   d. defendant promised good faith efforts to eliminate PMI charges on the loan immediately upon plaintiff meeting the requirements to do so.

12. Plaintiff satisfied the only remaining requirement for elimination of PMI on Thursday, December 7, 2017.

13. After December 1, and continuing to this date, defendant has made numerous false, deceptive, or misleading representations to plaintiff, including misrepresentations as to the character, amount, and legal status of her debt, demands for payment of amounts not legally

owed, and other misrepresentations in connection with and in furtherance of collection action for the owner of plaintiff's mortgage loan.

14. On February 14, 2018, plaintiff sent defendant a notice of error satisfying the requirements of the mortgage loan servicing regulations of the Residential Settlement Procedures Act, 12 U.S.C. §2605(e)(1)(B).

15. That qualified written request properly notified defendant of the misrepresentations that had occurred up to that date and demanded that they be corrected.

16. Pursuant to a pattern and practice of non-compliance, defendant failed to comply with the requirements of 12 U.S.C. §2605(e)(1)(A) and (e)(2) after its receipt of plaintiff's notice of error.

17. Moreover, although plaintiff timely submitted in advance of their due dates her monthly installment payments for December 2017, and January, February, March, and April 2018, defendant willfully converted those payments, failed to credit those payments to her debt upon receipt, and falsely continues to represent that her account is in default.

18. As a result of the foregoing, plaintiff has suffered stress, anxiety, frustration, inconvenience, uncertainty, and emotional distress.

## Count I

19. Pursuant to 12 U.S.C. §2605(f), defendant is liable to plaintiff for actual compensatory damages, statutory damages of $2,000.00, the costs of this litigation, and a reasonable attorney fee.

## Count II

20. Pursuant to 15 U.S.C. §1692k, as to collection communications after December 1, 2017, defendant is liable to plaintiff for actual compensatory damages, statutory damages of $2,000.00, the costs of this litigation, and a reasonable attorney fee.

## Count III

21. Pursuant to W. Va. Code §46A-2-127, as to collection communications and actions after December 1, 2017, defendant is liable to plaintiff for each false, deceptive, or misleading representation.

22. Separately for each violation of § 46A-2-127, plaintiff is entitled to recover actual compensatory damages, a civil penalty of $1,000.00, the costs of this litigation, and a reasonable attorney fee.

## Count IV

23. After December 1, 2017, defendant has employed unfair and/or unconscionable means while collecting or attempting to collect a debt from plaintiff, in violation of W. Va. Code §46A-2-128.

24. Separately for each violation of § 46A-2-127, plaintiff is entitled to recover actual compensatory damages, a civil penalty of $1,000.00, the costs of this litigation, and a reasonable attorney fee.

## Count V

25. After December 1, 2017, defendant has failed to credit plaintiff's payments to her debt upon their receipt in violation of W. Va. Code §46A-2-115.

26. Separately for each violation, plaintiff is entitled to recover actual compensatory damages, a civil penalty of $1,000.00, the costs of this litigation, and a reasonable attorney fee.

## Count VI

27. Defendant willfully, wrongfully, and/or recklessly converted money tendered by plaintiff after December 1, 2017 to its own use and benefit, to plaintiff's substantial injury.

## Count VII

28. Defendant has breached the parties' November 28, 2017 contract.

WHEREFORE, plaintiff requests the Court award all relief to which she may be entitled in law or equity, including an award of punitive damages under Count VI.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

    **Josara Bishop, Plaintiff**
    **By counsel**

/s/ Gary M. Smith
Gary M. Smith (WV Bar ID No. 12602)
MOUNTAIN STATE JUSTICE, INC.
1031 Quarrier Street, Suite 200
Charleston, WV 23501
Telephone: (304) 344-3144
Facsimile: (304) 344-3145
gary@msjlaw.org
Counsel for Plaintiff